Filed 2/1/22  P. v. Sandoval CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G057558 |
| v. | (Super. Ct. No. 98NF0649) |
| MATTHEW SANDOVAL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Reversed and remanded with directions.  Request for judicial notice denied.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Charles J. Sarosy, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In 2019, defendant Matthew Sandoval filed a Penal Code section 1170.95 petition.[1] The trial court denied the petition because Sandoval was convicted of attempted murder, not murder. The Legislature recently amended section 1170.95 to include attempted murder convictions.

Thus, we are reversing the trial court's order denying Sandoval's section 1170.95 petition and remanding with directions for the court to reconsider Sandoval's petition at the prima facie stage.

## I

### PROCEDURAL HISTORY AND DISCUSSION

In 2001, a jury convicted Sandoval of attempted murder, related crimes, found true related enhancements. The trial court imposed a sentence of 32 years to life. This court affirmed the judgment on direct appeal. (*People v. Ramirez, Sandoval, et al.* (Nov. 18, 2002, G029236) [nonpub. opn.].)[2]

In 2018, the Legislature limited the scope of the felony-murder rule and eliminated accomplice liability under the natural and probable consequences doctrine. The Legislature also permitted eligible defendants convicted of murder under a now invalid theory to petition to vacate their prior convictions and be resentenced. (§ 1170.95, added by Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.)

Generally, if a section 1170.95 petition contains the required information, the court must appoint counsel, receive briefing, review the record of conviction, and then determine if the petitioner has made a prima facie showing that he or she is entitled

---

[1] Further undesignated statutory references are to the Penal Code.

[2] It is not necessary for an appellate court to take judicial notice of an unpublished opinion in the same case. (See *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 45-46, fn. 9; Cal. Rules of Court, rule 8.1115(b).) Therefore, we deny Sandoval's request for request for judicial notice of this unpublished opinion.

to relief. (See *People v. Lewis* (2021) 11 Cal.5th 952, 959-960.) If the court determines the petitioner has made a prima facie showing, the court must ordinarily issue an order to show cause (OSC) and then conduct an evidentiary hearing. (§ 1170.95, subd. (c).)

In March 2019, Sandoval filed a section 1170.95 petition. Sandoval declared, "I am eligible for relief . . . because I was convicted of attempted murder . . . under the natural and probable consequences doctrine . . . ."

The trial court summarily denied Sandoval's petition: "The petition does not set forth a prima face [*sic*] case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder . . . ."

We issued an opinion affirming the trial court's order. (*People v. Sandoval* (Dec. 18, 2019, G057558) [nonpub. opn.], review granted March 11, 2020, S260238.) The Supreme Court granted review, and the matter was recently returned to us.

Effective January 1, 2022, the Legislature amended section 1170.95 to include convictions for attempted murder. (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.) The amendment to section 1170.95 is ameliorative in nature; therefore, it applies retroactively to Sandoval's appeal. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745; see also *People v. Frahs* (2020) 9 Cal.5th 618, 627-628.)

Thus, we reverse the trial court's denial of Sandoval's section 1170.95 petition. On remand, we direct the trial court to appoint Sandoval counsel, to reconsider his section 1170.95 petition at the prima facie stage, and to issue an OSC and conduct an evidentiary hearing if necessary. (See *People v. Lewis*, *supra*, 11 Cal.5th at pp. 959-960.)

## II

## DISPOSITION

The trial court's order denying Sandoval's section 1170.95 petition is reversed. On remand, the court shall reconsider the petition (at the prima facie stage) and conduct further proceedings as necessary.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.